**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owen Todd Nelson, | No. CV-20-01053-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

At issue is pro-se Plaintiff Owen Todd Nelson's Application to Proceed in District Court Without Paying Fees or Costs (Doc. 6). The Court finds that Plaintiff does not have sufficient means to pay the Court's fees and will grant the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure and fails to state a cause of action. The Court therefore dismisses the Complaint (Doc.1) without prejudice and grants Plaintiff leave to file a First Amended Complaint consistent with the findings of the Court set forth herein.

## I. LEGAL STANDARDS

**A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b)(1)-(2). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**B. Subject Matter Jurisdiction**

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question

jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states and the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). The goals of the amount-in-controversy requirement serve both to preserve the jurisdiction exercised by the state courts and to limit the size of the diversity caseload in federal courts. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 861 (9th Cir. 2001).

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8-9 (1983)).

## II. DISCUSSION

Plaintiff's Complaint is devoid of citation to legal authority and any allegations regarding subject matter jurisdiction, the claims asserted, facts upon which those claims are based, or damages sustained. Plaintiff must: state the basis for federal subject matter jurisdiction, allege facts which support claims for relief, and explain how those allegations establish a violation of relevant legal authority. In short, Plaintiff must show he is entitled

1  to some relief.  He has not done so here.  The Court will therefore dismiss the Complaint
2  with leave to amend.
3        A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,
4  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d
5  1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint
6  as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the
7  original complaint and that was voluntarily dismissed or was dismissed without prejudice
8  is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693
9  F.3d 896, 928 (9th Cir. 2012) (en banc).  **If Plaintiff fails to timely comply with every**
10 **provision of this Order, the Court may dismiss this action without further notice.**  *See*
11 *Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply
12 with any order of the Court).

### III. CONCLUSION

14     **IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court
15 Without Paying Fees or Costs (Doc. 6).
16     **IT IS FURTHER ORDERED** that by **August 16, 2020**, Plaintiff must file a First
17 Amended Complaint that complies with this Order and corrects all deficiencies noted
18 herein.  If filed, Plaintiff shall indicate on the pleading that it is a "First Amended
19 Complaint."  Failure to timely file a First Amended Complaint may result in the dismissal
20 of this action without further notice.
21 .  **IT IS FURTHER ORDERED** that if Plaintiff files a First Amended Complaint, it
22 may not be served until the Court has issued its screening order pursuant to 28 U.S.C. §
23 1915(e)(2).
24     Dated this 16th day of July, 2020.

*/s/ E.S. Willett/*
Honorable Eileen S. Willett
United States Magistrate Judge